UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| *GREAT AMERICAN ALLIANCE INSURANCE COMPANY,* | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) Case No.<br>) |
| *WINDERMERE BAPTIST CONFERENCE CENTER, INC.,* | )<br>)<br>) |
| and | )<br>) |
| KENDRA BROWN, | )<br>) |
| and | )<br>) |
| JEREMY RICHARDS, , | )<br>) |
| and | )<br>) |
| KARLEE RICHARDS, | )<br>) |
| Defendants. | )<br>) |

## **COMPLAINT FOR DECLARATORY JUDGMENT**

COMES NOW Great American Alliance Insurance Company ("Great American"), by its attorneys, Sandberg Phoenix & von Gontard P.C., and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. Section 2201 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

## PARTIES, JURISDICTION AND VENUE

1. Great American is an insurance company incorporated under the laws of the State of Arizona with its principal place of business in Cincinnati, Ohio such that it is a citizen, for purpose of diversity of citizenship jurisdiction, of the States of Arizona and Ohio.

2. Defendant Windermere Baptist Conference Center, Inc. ("Windermere") is a Missouri non-profit corporation with its principal place of business in the State of Missouri such that it is a citizen, for purposes of diversity of citizenship jurisdiction, of the State of Missouri.

3. Defendant Kendra Brown is a resident and citizen of the State of Missouri.

4. Defendant Jeremy Richards is a resident and citizen of the State of Louisiana.

5. Defendant Karlee Richardsis a resident and citizen of the State of Louisiana.

6. There is a current case and controversy between the parties to this action.

7. This Complaint for Declaratory Judgment is initiated pursuant to Rule 57 and the Federal Declaratory Judgment Act, codified at 28 U.S.C. Sections 2001 and 2201, to obtain a declaration of Great American's legal obligations under an insurance policy of insurance issued to Lifeway Christian Resources of the Southern Baptist Convention ("Lifeway").

8. This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Venue is proper in the United States District Court for the Western District of Missouri under 28 U.S.C. § 1391(b)(2) and Local Rule 3.1(b) because a substantial part of the events took place within the Western District of Missouri.

## COUNT I – DECLARATORY JUDGMENT

**The Conference Contract**

10. On or about January 8, 2014, Windermere entered into a "Conference Contract" with Student Life. (See Exhibit A: Windermere-Student Life "Conference Contract")

11. The Conference Contract was for food and lodging at Windermere's premises located in Roach, Missouri for purposes of a Student Life Camp to be conducted between May 31, 2014 and June 7, 2014.

12. The Conference Contract called for payment by Student Life in the amount of $71,137.50 for lodging and $75,570 for provided meals.

13. The Conference Contract also set forth specific Conference Space that was being leased by Windermere to Student Life that was included in the total contract price of $147,707.50.

14. On May 8, 2014, Windermere was issued a Certificate of Liability Insurance referencing a General Liability policy issued to Lifeway, Policy No.: GLP 0310189. (See Exhibit B: Certificate of Liability Insurance)

15. The Certificate of Liability Insurance states the following:

> Event: Student Life. Event Dates: May 31 - June 7 and June 14 – 20, 2014
>
> Windermere Conference Center is included as Additional Insured on the General Liability policy, as per endorsement #CG 82 24, ed. 12/01, and on the Automobile Liability policy, as per endorsement #CA 8516, ed/ 06/09.

**The Accident**

16. Windermere offers multiple recreational activities at its Baptist Conference Center.

17. Some of its recreational activities are free for those staying at Windermere, while others require attendees to pay a fee to participate.

18. One of Windermere's purchasable activities is "The Edge," which is a recreational climbing course that includes zip-lining.

19. Access to Windermere's "The Edge" requires special scheduling and the purchase of tickets.

20. Participation in Windermere's "The Edge" requires the execution of a "Recreation Release" by all participants or their legal guardians before participation is allowed.

21. "The Edge" was not part of the activities included in the June 2 – 6, 2014 Student Life camp.

22. A youth group from Searcy Baptist traveled from the State of Louisiana, first to Branson, Missouri, and then on to Windermere for the Student Life camp that was to take place June 2 – 6, 2014.

23. One of the campers from Searcy Baptist Church was defendant Karlee Richards.

24. Before arriving at Windermere for the Student Life camp, Searcy Baptist Church made arrangements directly with Windermere to purchase a special activity package that would allow its youth group to participate in one of the additional, for-pay activities that Windermere offered.

25. The special activity package Searcy Baptist Church purchased directly from Windermere would allow the youth group to participate in a different for-pay recreational activity on three of the days of camp during free time before dinner.

26. Windermere's "The Edge" course was the for-pay activity on June 4, 2014.

27. Karlee Richards was injured while zip lining within Windermere's "The Edge" course on June 4, 2014 while engaging in the special activity that Searcy Baptist Church purchased directly from Windermere.

**The Underlying Lawsuit**

28. Jeremy Richards, both individually and as Next Friend of Karlee Richards, brought suit against Windermere and the alleged employee responsible for having caused Karlee Richards' fall and resulting injuries, Kendra Brown, in the Circuit Court of Camden County, Missouri, Cause No.: 14CM-CC00235. That suit is currently pending in the Circuit Court of Morgan County, Missouri, Cause No.: 14CM-CC00235-01 ("Underlying Lawsuit")

29. The Underlying Lawsuit alleges that Karlee Richards was injured while within Windermere's "The Edge" challenge course.

30. The Underlying Lawsuit seeks recovery for Karlee Richards' alleged injuries based on Windermere's and Kendra Brown's alleged negligence, and Windermere's alleged negligent supervision, associated with the operation of "The Edge" challenge course.

**The Great American Policy**

31. Great American issued a general liability policy of insurance to Lifeway, Policy No.: GLP 0-31-01-89-01, which was in effect from August 1, 2013 to August 1, 2014 ("Policy").

32. Student Life is a part of Lifeway.

33. The Policy issued to Lifeway contains the following relevant provisions:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

\*\*\*

**Coverage C – Medical Payments**

**1. Insuring Agreement**

5

7012893.1

Case 2:16-cv-04046-NKL   Document 1   Filed 02/03/16   Page 5 of 11

**a.** We will pay medical expenses as described below for "bodily injury" caused by an accident:

**(1)** On premises you own or rent;

**(2)** on ways next to premises you own or rent; or

**(3)** because of your operations:

provided that:

**(a)** the accident takes place in the "coverage territory" and during the policy period;

**(b)** the expenses are incurred and reported to us within one year of the date of the accident; and

**(c)** the injured person submits to examination, at our expense, by physicians of our choice as often as we reasonably require.

**\*\*\***

**2. Exclusions**

We will not pay expenses for "bodily injury":

\*\*\*

**e. Athletic Activities**

To a person injured while practicing, instructing or participating in any physical exercises or games, sports, or athletic contests.

**\*\*\***

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

\*\*\*

**4. Other Insurance**

\*\*\*

(2) When this insurance is excess we will have no duty under Coverages **A** or **B** to defend the Insured against any "suit" if any other insurer has a duty to defend the Insured against the "suit." If

6

no other insurer defends, we will undertake to do so, but we will be entitled to the insured's rights against all those other insurers.

\*\*\*

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**SOCIAL SERVICE AGENCY GENERAL LIABILITY BROADENING ENDORSEMENT** [CG 82 24, ed. 12/01]

This endorsement modifies the insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

1. The following provision is added to **SECTION II – WHO IS AN INSURED**

    5. **AUTOMATIC ADDITIONAL INSURED(S)**

        a. **Additional Insured – Manager or Lessor of Premises**

            **(1)** This policy is amended to include as an insured any person or organization (hereinafter called Additional Insured) from whom you lease or rent property and which requires you to add such person or organization as an Additional Insured on this policy under:

            **(a)** a written contract or

            **(b)** an oral agreement or contract where a Certificate of Insurance showing that the person or organization as an Additional Insured has been issued;

            but the written or oral contract must be an "insured contract," and

            **(i)** currently in effect or become effective during the term of the policy; and

            **(ii)** executed prior to the "bodily injury," "property damage," "personal and advertising injury."

            **(2)** With respect to the insurance afforded the Additional Insured identified in Paragraph **A.(1)** of this endorsement, the following additional provisions apply.

7

> **(a)** This insurance applies only to liability arising out of the ownership, maintenance or use of that portion of the premises leased to you.
>
> **(b)** The Limits of Insurance applicable to the Additional Insured are the lesser of those specified in the written contract or agreement or in the Declarations for this policy and subject to all the terms, conditions and exclusions for this policy ….
>
> **(c)** In no event shall the coverages or Limits of Insurance in this Coverage Form be increased by such contract.
>
> **(d)** Coverage provided herein is excess over any other valid and collectible insurance available to the Additional Insured whether the other insurance is primary, excess, contingent or on any other basis unless a written contractual arrangement specifically requires this insurance to be primary.
>
> \*\*\*
>
> **6. MEDICAL PAYMENTS**
>
> **A.** The Medical Expense Limit in Paragraph **7.** Of **SECTION III – LIMITS OF INSURANCE** is replaced by the following Medical Expense Limit.
>
> The Medical Expense Limit provided by this policy shall be the greater of:
>
> **a.** $10,000; or
>
> **b.** The amount shown in the Declarations for Medical Expense Limit
>
> \*\*\*
>
> **C.** This provision of **7.** does not apply if **COVERAGE C. MEDICAL PAYMENTS** is excluded either by the provisions of this Coverage Part or by endorsement.

\*\*\*\*

34. Defendants Windermere and Kendra Brown tendered a claim to Great American seeking defense and indemnity as additional insureds under the Policy Great American issued to Lifeway.

8

35. Great American denied the tender of both Kendra Brown and Windermere.

36. Both Windermere and Kendra Brown are currently being defended in the Underlying Lawsuit by other carriers.

37. No liability coverage exists under the Policy for Kendra Brown because she is not an insured for purposes of the claims and allegations asserted against her in the Underlying Lawsuit.

38. No liability coverage exists for Windermere under the Policy because the "Additional Insured – Manger or Lessor of Premises" provision of the Social Service Agency General Liability Broadening Endorsement, which is the form referenced on the Certificate of Liability Insurance, only affords coverage to an additional insured for "liability arising out of the ownership, maintenance or use of that portion of the premises leased to you" and the accident at issue in the Underlying Lawsuit did not arise out of the ownership, maintenance or use of the premises leased to Student Life by Windermere.

39. Because the claims and allegations asserted against both Windermere in the Underlying Lawsuit did not arise out of any portion of the premises leased to Student Life by Windermere in the Conference Contract, no liability coverage is afforded to Windermere under the Social Service Agency General Liability Broadening Endorsement, or any other portion of the Policy, such that Great American owes neither a duty to defend or indemnify Windermere for the claims and allegations set forth in the Underlying Lawsuit.

40. Great American further owes no duty to defend Windermere or Kendra Brown for the claims and allegations in the Underlying Lawsuit because both are currently being defended by other insurance carriers under other insurance and Great American owes no duty to defend

9
7012893.1
Case 2:16-cv-04046-NKL   Document 1   Filed 02/03/16   Page 9 of 11

where, as here, its liability coverage is excess and defense is being afforded by another insurance carrier.

41. The Great American Policy also contains "Medical Payments" coverage.

42. No Medical Payments coverage exists under the Policy for Karlee Richards because the accident at issue in the Underlying Lawsuit did not take place on or next to premises owned or rented by Great American's named insured.

43. In addition, neither Karlee Richards, nor anyone authorized to act on her behalf, has ever submitted a claim to Great American for Medical Payments coverage, and Medical Payments coverage only applies to medical expenses that are occurred and reported within one (1) year of the accident, which took place on June 4, 2014.

44. To the extent Windermere's November 17, 2015 tender to Great American for defense and indemnity of the Underlying Lawsuit could be considered a claim, on Karlee Richards' behalf, for Medical Payments coverage, such first notice to Great American was reported to Great American more than a year after the June 4, 2014 accident such that no Medical Payments coverage exists.

45. Finally, no Medical Payments coverage exists for the additional reason that the Medical Payments coverage contains an "Athletic Activities" exclusion that excludes coverage for any "bodily injury" to a person while participating in any physical exercises, games or sports and Karlee Richards' accident and resulting injuries were sustained while she was engaged in a physical exercise, game, and/or sport while participating in Windermere's "The Edge" challenge course.

WHEREFORE, plaintiff, Great American Alliance Insurance Company, request this Court enter declaratory judgment in its favor, and against all defendants, and declare that no liability coverage existsunder the Great American policy issued to Lifeway for any of the claims asserted against defendants Windermere and Kendra Brown in the Underlying Lawsuit, that Great American owes neither a duty to defend nor a duty to indemnify the claims and allegations asserted in the Underlying Lawsuit, that no Medical Payments coverage exists for Karlee Richards, for its costs, and for all other relief the Court deems proper under the circumstances.

SANDBERG PHOENIX & von GONTARD P.C.

By: /S/ John S. Sandberg
John S. Sandberg, #22664MO
Kenneth R. Goleaner, #51043MO
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
E-mail: jsandberg@sandbergphoenix.com
E-mail: kgoleaner@sandbergphoenix.com

Attorneys for Plaintiff *Great American Alliance Insurance Company*