UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| GREAT AMERICAN ALLIANCE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) No. 2:16-cv-04046-NKL ) |
| vs. | ) ) ) |
| WINDERMERE BAPTIST CONFERENCE CENTER, INC., et al., | ) ) ) |
| Defendants. | ) ) ) |

**ORDER**

Pending before the Court is Defendant Windermere Baptist Conference Center, Inc.'s motion to stay, Doc. 25. For the reasons set forth below, Windermere's motion is denied.

**A.      Background**

Plaintiff Great American Alliance Insurance Company filed this motion under the Declaratory Judgment Act, seeking a declaration that it has no duty to defend or indemnify Windermere in a lawsuit currently pending in the Circuit Court of Morgan County, Missouri. The Morgan County lawsuit was filed by Jeremy and Karlee Richards, who seek damages from Windermere for claims arising out of injuries Karlee Richards sustained while attending a camp at Windermere's facilities. Great American has declined to provide a defense to Windermere in the Morgan County lawsuit.

1

**B. Discussion**

Windermere contends that this action should be stayed because it is a parallel proceeding to the Morgan County action. "Suits are parallel if the substantially same parties litigate substantially the same issues in different forums. . . . As a functional matter, though, state proceedings are parallel if they involve the same parties or if the same parties may be subject to the state action and if the state action is likely to fully and satisfactorily resolve the dispute or certainty at the heart of the federal declaratory judgment action." *Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 968 (8th Cir. 2013) (quotations omitted).

This declaratory judgment is not a parallel proceeding to the Morgan County lawsuit. Great American is not a party to the liability suit. Moreover, the coverage issues raised by Great American in this lawsuit are not pending before the Morgan County court in any form. In this declaratory judgment action Great American has asked the Court to determine whether it owes Windermere a duty to defend or indemnify it under the terms of the applicable insurance policy. While this determination may necessitate a few factual inquiries similar to those being made in the Morgan County liability action, the fact that there may exist a few overlapping factual issues does not make this a parallel action. *See id.* at 970 ("Resolution of Fidelity's tort and contract claims against Integrity would demand no interpretation of the E & O policy nor clarify for Lexington whether it owed a defense to Integrity in Fidelity's two lawsuits."). Given the distinct parties and distinct issues raised in the lawsuits, they are not parallel proceedings.

2

Windermere contends that even if the lawsuits are not parallel proceedings, the Court may still choose to stay the case. The Eighth Circuit has identified six *Scottsdale* factors to apply to determine whether a stay is appropriate in the absence of a parallel proceeding:

> (1) [W]hether the declaratory judgment sought will serve a useful purpose in clarifying and settling the legal relations in issue;
>
> (2) [W]hether the declaratory judgment will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the [federal] proceeding;
>
> (3) [T]he strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts;
>
> (4) [W]hether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending;
>
> (5) [W]hether permitting the federal action to go forward would result in unnecessary entanglement between the federal and state court systems, because of the presence of overlapping issues of fact or law; and
>
> (6) [W]hether the declaratory judgment action is being used merely as a device for procedural fencing – that is, to provide another forum in a race for res judicata or to achiev[e] a federal hearing in a case otherwise not removable.

*Scottsdale Ins. Co. v. Detco Industries, Inc.*, 426 F.3d 994, 998 (8th Cir. 2005). "Where no [] parallel state action is pending, discretion to abstain or grant a stay still exists, but that discretion is less broad . . . ." *Lexington*, 721 F.3d at 968.

The *Scottsdale* factors do not weigh in favor of the requested stay in this case. Factors one, two, and four do not support a stay of the case. The declaratory judgment

3

sought would clearly be useful for clarifying whether Great American owes Windermere a duty to defend or indemnify; resolution of this question will settle the coverage controversy. These issues are distinct from the liability questions being raised in the Morgan County action, and given the differing parties and legal questions it is far from certain that coverage could be more efficiently litigated in state court.[1] *See id.* at 971 (concluding that factors one, two, and four supported denial of a state where the state court action involved distinct issues concerning liability and resolution of the coverage issues in state court was neither certain nor efficient).

Factor three is relatively neutral. Windermere has not advanced any argument to explain why the state court has a unique interest in presiding over the coverage dispute. The parties are diverse and the amount in controversy exceeds $75,000, which satisfies the requirements for federal diversity jurisdiction. Absent some compelling interest of the state of Missouri in litigating this action, the lawsuit's relation to the pending liability action in Morgan County is insufficient to conclude that factor three weighs in favor of a stay.

Factors five and six also do not weigh in favor of the requested stay. While Windermere correctly points out that there are some overlapping factual issues between

---

[1] Windermere contends at multiple points that the Court should grant the requested stay because it is a non-profit with limited resources and the costs of litigating in state and federal court are significant. The costs of litigation for Windermere do not justify a stay for two reasons. First, given the independent issues in the liability and coverage suits, it is overwhelmingly likely that even if the Court granted a temporary stay this case would eventually have to be litigated and Windermere would incur the corresponding costs of this litigation anyway. Second, if the Court ultimately determines that Great American breached its duty to defend, Windermere may be entitled to reimbursement of the expenses incurred to defend itself in the liability action.

4

the liability and coverage actions, it overlooks the significant distinctions between the legal issues relevant to the declaratory judgment action and those at issue in the liability suit.

As both parties recognize, the coverage dispute in the declaratory judgment action requires determinations of whether Great American had a duty to defend and whether it has a duty to indemnify Windermere for any judgment arising out of the liability action. The Missouri Supreme Court has specifically distinguished between the issues relevant to the duty to defend and the facts ascertained through a trial in a liability action:

> 'The duty to defend is broader than the duty to indemnify. To suggest that the insured must prove the insurer's obligation to pay before the insurer is required to provide a defense would make the duty to defend provision a hollow promise[.] *The duty to defend arises whenever there is a potential or possible liability* to pay based on the facts at the outset of the case and is not dependent on the probable liability to pay based on the facts ascertained through trial. The duty to defend is determined by comparing the language of the insurance policy with the allegations in the complaint. *If the complaint merely alleges facts that give rise to a claim potentially within the policy's coverage, the insurer has a duty to defend.*'

*Columbia Cas. Co. v. HIAR Holding, L.L.C.*, 411 S.W.3d 258, 265 n.10 (Mo. 2013) (emphasis in original) (quoting *McCormack Baron Mgmt. Servs., Inc.*, 989 S.W.2d 168, 170-71 (Mo. 1999)). Even if the Court determines that Great American had a duty to defend Windermere, this does not necessarily mean that it will be required to indemnify Windermere, as the duty to indemnify "turns on whether the claim is *actually* covered by the Policy." *Am. Econ. Ins. Co. v. Jackson*, 476 F.3d 620, 624 (8th Cir. 2007).

The coverage issues in this declaratory judgment action require independent factual determinations regarding the content of the complaint in the liability action and

5

language of the insurance policy. These are not the same facts being decided in the liability action. It would be inefficient to stay the declaratory judgment action simply because it is possible at some point in the future that the Court could be called upon to decide a factual issue which overlaps with the liability action. If there comes a time when the Court determines that it cannot proceed in this case due to the potential for inconsistency with the liability action, the case may be stayed at that point. Given the need for independent discovery on coverage and legal determinations of the issues associated with coverage, however, a stay at this point would only serve to delay the case. *See* Ex. A, *First Mercury Insurance Co. v. Quaff, Inc.*, Case No. 4:14-cv-00299-BCW, Doc. #26 (W.D. Mo. Oct. 6, 2014) (denying stay); Ex. B., *Cincinnati Specialty Underwriters Ins. Co. v. Solaris Power Services, LLC*, 2015 WL 3544857 (W.D. Mo. June 4, 2015) (denying stay).

**C.     Conclusion**

For the reasons set forth above, Defendant's motion to stay, Doc. 25, is denied.

/s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  July 18, 2016
Jefferson City, Missouri